IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

NUUH AMIR NA'IM                                                                                          PETITIONER
ADC #116249

v.                                             5:18cv00170-KGB-JJV

WENDY KELLEY, Director,
Arkansas Department of Correction                                                           RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

### I.   BACKGROUND

Before the Court is Nuuh Amir Na'im's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) Mr. Na'im is an Arkansas inmate in the Bowie County Correctional Center in Texarkana, Texas, by way of contract with the Arkansas Department of Correction.

Mr. Na'im previously sought and was denied habeas relief for his 2012 Jefferson County, Arkansas, conviction for aggravated robbery, rape, burglary, and theft. *Na'im v. Hobbs*, 5:13CV00025-KGB-JJV. His Petition alleged violations of the Interstate Agreement on Detainers Act (IADA). (*Id.* at Doc. No. 1.) Because he was both incarcerated in the Southern District of Texas and made claims about his Texas conviction, I transferred the matter pursuant to 28 U.S.C. § 2241(d).

After transfer, United States District Judge Vanessa D. Gilmore denied habeas relief. In denying relief, Judge Gilmore wrote, "Because Na'im failed to exhaust state court remedies as to his Texas conviction and because his guilty plea waived all nonjurisdictional defects as to his Arkansas convictions, this federal petition is dismissed." *Na'im v. Thaler*, 2013 WL 1858550, at 1 (S.D. Tex. May 1, 2013). In specifically addressing Mr. Na'im's Interstate Agreement on Detainers Act claims, Judge Gilmore stated:

2

> It is well-settled that "[w]hen a defendant enters a voluntary and unconditional guilty plea, the plea has the effect of waiving all non-jurisdictional defects in the prior proceedings." *United States v. Stevens*, 487 F.3d 232, 238 (5th Cir.2007), cert. denied, 552 U.S. 936, 128 S.Ct. 336, 169 L.Ed.2d 236 (2007). Consequently, a defendant who pleads guilty thereby waives all alleged violations of the IADA. See *Baxter v. United States*, 966 F.2d 387, 389 (8th Cir.1992).

*Id.* at 4.

I have conducted a preliminary review of the instant Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Based on that review, for the following reason, I recommend dismissal of the Petition.

## II.   ANALYSIS

Under 28 U.S.C. 2244(b)(3), petitioners who have previously filed a federal habeas petition must first obtain authorization from the appropriate federal court of appeals before filing a second or successive habeas petition. *Williams v. Hobbs*, 658 F.3d 842, 853 (8th Cir. 2011). Without an order from the court of appeals authorizing the filing of a successive petition, the district court lacks jurisdiction to hear the petition. *Burton v. Stewart,* 549 U.S. 147, 152-53, 157 (2007). A court of appeals may authorize the filing of a successive petition only if the new petition satisfies certain statutory requirements. See 28 U.S.C. 2244(b)(2). Similarly, claims asserted in a second or successive habeas petition that were not alleged in a previously filed habeas petition shall be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

The language of 28 U.S.C. § 2244(b) is binding and prior authorization to file a second or successive habeas petition is an absolute requisite to this Court's authority to consider a petition. 28 U.S.C. § 2244(b)(3); see also *Williams*, 658 F.3d 842, 853 (2011) ("A 'second or successive' habeas petition requires authorization from a federal court of appeals prior to filing."). There is nothing in the record to indicate Mr. Na'im sought and received authorization from the United States Court of Appeals for the Eighth Circuit before filing this Petition. Therefore, I find this Court does not have jurisdiction over Mr. Na'im's claims.

If Mr. Na'im wishes to pursue relief, he must first obtain permission from the Eighth Circuit to file a successive petition. At present, this Court simply does not have jurisdiction over Mr. Na'im's claims. The dismissal should be without prejudice so Mr. Na'im may refile his Petition should the Eighth Circuit again grant him permission to proceed.

### III.  CONCLUSION

IT IS, THEREFORE, RECOMMENDED THAT:

1. Mr. Na'im's § 2254 Petition (Doc. No. 1) be DISMISSED without prejudice and the requested relief be DENIED.

2. No certificate of appealability shall issue.[1]

---

[1] Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." In cases where the Petition is clearly successive, no certificate of appealability shall be issued.

DATED this 13th day of August, 2018.

                                                          _____
                                                          JOE J. VOLPE
                                                          UNITED STATES MAGISTRATE JUDGE